UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 15-101-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ISAI SALATIEL RUIZ PEDRAZA, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Isai Pedraza has filed a motion under Rule 59€ of the Federal Rules of Civil Procedure, dated July 29, 2020, requesting reconsideration of the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release.  [Record No. 314]  The present motion will be denied for several reasons.

First, the pending motion is untimely.  Criminal defendants may move for reconsideration of an order denying § 3582(c) relief, but they must do so within the time set for filing an appeal.  *United States v. Wooley*, No. 16-3925, 2017 WL 3613318, at *2 (6th Cir. Feb. 28, 2017).  Under Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, the deadline to file a notice of appeal regarding an order in a criminal case is fourteen days after the entry of the challenged order.  *Id.* (citing Fed. R. App. P. 4(b)(1)(A)).  In this case, the Court denied the prior compassionate release motion on July 14, 2020.  [Record No. 311] Pedraza needed to file the motion for reconsideration by July 28, 2020, at the latest.  His pending motion, which is dated July 29, 2020, is therefore untimely.

Second, the Court's prior analysis regarding the insufficiency of the grounds for relief outlined in the initial motion stands. [Record No. 311] Although it is possible that Pedraza has inadvertently omitted several pages from his pending motion, the filing does not provide any argument regarding the sufficiency of his grounds for relief under § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13 n. 1. [Record No. 314] And the grounds listed in his initial motion (COVID-19 concerns, knee and anxiety problems, rehabilitation, and having an elderly mother and overwhelmed wife) do not fit the categories of "extraordinary and compelling reasons" that may warrant § 3582(c)(1)(A)(i) compassionate release prescribed by § 1B1.13 n. 1. Accordingly, the July 14, 2020 Order's analysis on this issue continues to apply. [Record No. 311, pp. 1-3]

Third, the 18 U.S.C. § 3553(a) factors counsel against compassionate release. "Courts should not grant a § 3582(c)(1)(A) motion unless compassionate release complies with the § 3553(a) factors." *United States v. May*, No. 7: 15-011-DCR, 2020 WL 3723253, at *4 (E.D. Ky. July 6, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Lake*, 5: 16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019)); *see also United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for –

>            (A) the applicable category of offense committed by the applicable
>            category of defendant as set forth in the guidelines . . .
>       (5) any pertinent policy statement . . . by the Sentencing Commission;
>       (6) the need to avoid unwarranted sentence disparities among defendants with
>       similar records who have been found guilty of similar conduct; and
>       (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Pedraza's pending motion argues that the § 3553(a) factors weigh in favor of compassionate release because: (1) the nature and circumstances of the offense were nonviolent; (2) his lack of a history of violent offenses suggest that he is not a danger to the community; (3) he has a standard and caring family; and (4) he has served his sentence commendably by completing various classes and working in the laundry department at FCI Elkton, his place of incarceration. [Record No. 314, pp. 3-4]

Pedraza correctly indicates that he does not have any significant criminal history, and he appears to have a supportive family. [Presentence Investigation Report ("PSR") ¶¶ 53-54, 60-62] Additionally, the rehabilitative efforts taken by the defendant are commendable. But the § 3553(a) factors still weigh heavily against compassionate release.

Pedraza was convicted of conspiring to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and the evidence at trial suggested that the quantity of drugs involved in the conspiracy totaled 28 kilograms. [*Id.* at ¶¶ 2-3, 9; Record No. 272, pp. 2-3, 12] He received a three-level adjustment for this offense under U.S.S.G. § 3B1.1(b) for being a manager or supervisor of a criminal activity that involved five or more participants. [PSR ¶ 21] He was also convicted of two money laundering charges, in violation of 18 U.S.C. §§ 1956(h) and 1957, respectively, relating to his drug trafficking activities. [PSR ¶¶ 2-3] Finally, Pedraza was convicted of possession of a machine gun, and he received a four-level adjustment on this

charge under U.S.S.G. § 2K2.1(b)(6)(B) for possessing the firearm in connection with another felony offense.  [PSR ¶¶ 2-3, 44]  Needless to say, the nature and circumstances of these offenses warrant a substantial sentence.  18 U.S.C. § 3553(a)(1).  Further, a substantial sentence was and is necessary to: reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2).

Pedraza received a Guidelines Range sentence – 262 months' imprisonment, to be followed by 5 years of supervised release.  [Record No. 216, pp. 2-3; PSR ¶¶ 74, 77]  This sentence was appropriate when it was imposed, and the Court continues to find it appropriate at this time.  Accordingly, it is hereby

**ORDERED** that Defendant Isai Pedraza's motion for reconsideration [Record No. 314] is **DENIED**.

Dated:  August 4, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky